IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRACE FURR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 14-1011-KHV |
| RIDGEWOOD SURGERY AND | ) |
| ENDOSCOPY CENTER, LLC; | ) |
| NUETERRA HEALTHCARE | ) |
| MANAGEMENT, LLC and | ) |
| JOSEPH T. POGGI, III, M.D., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Grace Furr brings suit against her former employer, Nueterra Healthcare Management, LLC ("Nueterra"); Ridgewood Surgery & Endoscopy Center, LLC ("Ridgewood") and Joseph T. Poggi III., M.D. ("Dr. Poggi").  This matter is before the Court on defendants' unopposed Motion For Leave To File Under Seal Exhibits To Plaintiff's Memorandum In Opposition To Defendants' Motion For Summary Judgment (Doc. #95) filed May 7, 2015.

### Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. United States v. Apperson, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016) (citing Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007)).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public interest in district court proceedings includes the

assurance that courts are run fairly and that judges are honest. <u>Crystal Grower's</u>, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011); <u>Crystal Grower's</u>, 616 F.2d at 461.  The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents. See <u>Apperson</u>, 2016 WL 898885, at *6; <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. <u>Colony Ins.</u>, 698 F.3d at 1241; <u>see</u> <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

### Facts

On March 20, 2014, Magistrate Judge K. Gary Sebelius entered a protective order in this case which provides as follows:

> "Confidential Discovery Material" means all documents, things, or information designated in good faith as "confidential," which may include employment, business, personnel, financial, medical, health care, mental health, or counseling records of the Parties and other employees, independent contractors, officers, or agents of Defendants whose records may be discoverable in this case.  "Confidential Discovery Material" will only include information and documents which have previously been maintained as confidential.

See <u>Protective Order</u> (Doc. #19) at 2.

The protective order also provides as follows:

In the event a party seeks to file any document containing Confidential Discovery Material subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation

2

      to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

      Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.

Id. at 4-5.

On March 4, 2015, defendants filed motions for summary judgment. See Docs. #80, #82. On April 9, 2015, plaintiff filed a response to Nueterra's motion, and on April 10, 2015, she filed a response to the motion of Dr. Poggi and Ridgewood. See Docs. #87, 88. Plaintiff did not file exhibits in support of the response memoranda until May 5, 2015, when she filed 35 exhibits. See Doc. #93. Ten of the exhibits consist of a cover sheet with an exhibit number and text stating "to be filed at a later date pending motion to file under seal."[1] See, e.g., Ex. #93-16. Plaintiff provided

---

[1]     Plaintiff totally failed to follow the proper procedure to request leave to file under seal as set out in D. Kan. Rule 5.4.6, which provides as follows:

(a) Procedure for Requesting Leave to File Under Seal.

> (1) *Motion*. A party filing a motion for leave to file documents under seal in civil cases must file that motion electronically, under seal, in the Electronic Filing System.
> (2) *Exhibit(s)*. The motion for leave to file under seal must attach as sealed exhibits the document(s) the party requests to be filed under seal.
> (3) *Proposed Order*. The party must e-mail a proposed order to KSD_<Judge'sLastName>_chambers@ksd.uscourts.gov.
> (4) *Provision to Other Parties*. Finally, the party must simultaneously provide the document(s) it requests to be filed under seal to all other parties in the case.

(b) Order Granting Leave. If the court grants the motion for leave to file under seal, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to

(continued...)

3

the Court (and apparently opposing counsel) with copies of the ten unfiled exhibits. Plaintiff has not filed a motion to file under seal, but does not oppose defendants' motion.

## **Analysis**

Defendants ask the Court to enter an order allowing plaintiff to file under seal ten exhibits to plaintiff's memoranda in opposition to defendants' motions for summary judgment.[2] In support of the motion, defendants simply state that "[t]he parties have designated these documents confidential, and they include confidential personnel, financial, and strategic business information about the parties as well as about other employees of Nueterra," and that "[i]t is in the interest of the parties for these pleadings to be filed under seal." Doc. #95 at 1.

---

[1](...continued)
grant access to all attorneys who have entered an appearance in that case (and whose appearance has not been terminated) the ability to view sealed documents in that case (assuming this access has not previously been granted). The filing party may then file its document(s) electronically under seal.

(c) Order Denying Leave. If the court denies the motion for leave to file under seal, the assigned judge will enter electronically an order denying the filing of the document(s) under seal.

(d) Notification of Termination. Once the court has granted an attorney access to sealed documents in a case, that attorney is responsible for notifying the clerk's office if he or she is terminated from the case and the parties request that terminated attorneys no longer have access to sealed documents in that case.

D. Kan. Rule 5.4.6.

[2] Plaintiff's proposed Exhibit 5 is a declaration by a witness which contains medical information not relevant to this case. Exhibit 16 is Nueterra's file regarding investigation of complaints of sexual harassment by Nueterra employees; some pages of this document contain personal identifiers. Exhibits 22 and 25-29 are Ridgewood Board Minutes which contain information regarding a possible merger between Ridgewood and another entity, and well as discussions regarding Nueterra staff. Exhibits 30 and 31 include a string of emails between various employees of Nueterra and Ridgewood which include discussions regarding plaintiff's retaliation complaint as well as details regarding Ridgewood's financial situation and a proposed merger.

4

The Sixth Circuit recently pointed out the "stark difference" between "protective orders" entered pursuant to the discovery provisions of Rule 26, Fed. R. Civ. P, and orders to seal court records, as follows:

> Discovery concerns the parties' exchange of information that might or might not be relevant to their case. Secrecy is fine at the discovery stage, before the material enters the judicial record. Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection. . . . At the adjudication stage, however, very different considerations apply. . . . Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983). . . . The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. Brown & Williamson, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983). And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.

Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, ___ F.3d ___, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016) (some internal quotations and citations omitted).

Although defendants assert generally that the documents contain private or confidential information, they provide no explanation as to why the information, if disclosed, might be harmful to either party. On this record, defendants have not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292. Plaintiff's consent to the motion and the Court's protective order do not in themselves provide sufficient reasons to seal the documents. Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-

5

SAC, 2012 WL 884926, at *1 (D. Kan. March 14, 2012); Carefusion, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The Court notes that medical and personal identifying information can be redacted under Rule 5.2, Fed. R. Civ. P. See District Of Kansas Civil Administrative Procedures Guide at 18.

**IT IS THEREFORE ORDERED** that defendants' unopposed Motion For Leave To File Under Seal Exhibits To Plaintiff's Memorandum In Opposition To Defendants' Motion For Summary Judgment (Doc. #95) filed May 7, 2015 be and hereby is **OVERRULED**.  **On or before June 15, 2016, plaintiff shall file unsealed copies of the proposed sealed documents which redact confidential medical or personal identifying information and shall file under the seal the entire documents without redactions.**

Dated this 13th day of June, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Court